UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SYNGENTA AG MIR162             MDL No. 2591
CORN LITIGATION

TRANSFER ORDER

  **Before the Panel**:[*] Defendants WATTS GUERRA LLP, Mikal C. Watts, Francisco Guerra, BASSFORD REMELE PA, and GUSTAFSON GLUEK PLLC in the Northern District of Ohio *Niekamp* action, listed on the attached Schedule A, move under Section 1407(c) to transfer *Niekamp* to MDL No. 2591. Four additional defendants[1] support the motion. Plaintiffs oppose the motion to transfer.

  After considering the arguments of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2591, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the District of Kansas was an appropriate Section 1407 forum for actions sharing allegations regarding Syngenta's decision to commercialize the MIR162 genetically modified corn trait in the absence of Chinese approval to import corn with that trait. *See In re Syngenta AG MIR162 Corn Litig.*, 65 F. Supp. 3d. 1401 (J.P.M.L. 2014). This action falls within the MDL's ambit. It concerns work performed by attorneys in the multidistrict litigation against Syngenta and will require interpretation of various orders of the transferee court and the MDL settlement agreement.

  *Niekamp* is replete with factual allegations concerning conduct that happened in MDL No. 2591. Plaintiffs allege attorneys with WATTS GUERRA, LLP, improperly signed members of the plaintiff class to individual retainer contracts instead of advising the plaintiffs to participate in any class recovery in the MDL, and, in a breach of their ethical duties, negotiated the MDL settlement and related side-deals concerning fees. The *Niekamp* plaintiffs criticize defendant law firms' entry into Joint Prosecution Agreements, which excluded the plaintiff class from litigation classes that were certified before the Syngenta MDL settlement class was created (the putative *Niekamp* class members were allowed to participate in the settlement class). Plaintiffs also challenge the contingent fees defendants allegedly sought to extract from them.

---

[*] Judge Nathaniel M. Gorton took no part in the decision of this matter.

[1] STUEVE SIEGEL HANSON LLP; GRAY, REED & MCGRAW; GRAY, RITTER & GRAHAM; and HARE, WYNN, NEWELL & NEWTON. Along with movants, these four defendants are co-lead plaintiffs' counsel in the MDL.

Defendants argue that *Niekamp* bears a striking factual resemblance to the *Kellogg* action that the Panel transferred in 2018 over plaintiffs' objections. *See In re Syngenta AG MIR162 Corn Litig.*, MDL No. 2591, 2018 WL 3849403 (J.P.M.L. Aug. 1, 2018). We agree. Attorney Douglas J. Nill represented plaintiffs in *Kellogg* and now represents the *Niekamp* plaintiffs. The *Kellogg* action was litigated for approximately two years, with progress often stymied by the conduct of plaintiffs' counsel.[2] Despite their largely conclusory argument that *Niekamp* is not a collateral attack on the MDL settlement or the fee award decisions in the Syngenta MDL, *Niekamp* appears to aim squarely at both, in addition to further misconduct plaintiffs allege arose in the MDL.

Mr. Nill revisits many of the same arguments he made in *Kellogg*. For instance, he argues at length that the transferee judge should recuse from presiding over this action because of what he argues is a conflict of interest arising from being an unknowing part of the defendant law firms' alleged enterprise to generate excess fees. Accepting the argument that transfer is inappropriate because the transferee judge's recusal is required essentially asks us to second-guess the transferee judge's decision not to recuse in *Kellogg*.[3] We have long held that we have "neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977); *cf. In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mex., on Apr. 20, 2010*, 961 F. Supp. 2d 1355, 1357 (J.P.M.L. 2013) ("The Panel does not aspire to the role of an appellate court for disaffected MDL litigants. We are neither authorized by statute nor inclined to act in such a role.").

Because the MDL attorney fee awards and the conduct of MDL counsel are at the factual core of the *Niekamp* complaint, transfer is the most efficient path forward to resolving *Niekamp*, as it allows the transferee court the opportunity to rule on the effect of his prior orders in both the MDL and in *Kellogg*. *See, e.g.,* Transfer Order, *In re Diet Drugs Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203 (J.P.M.L. Oct. 13, 2015), ECF No. 3159 at 2 (transferring action, the resolution of which "likely will require the interpretation and possibly enforcement of pretrial orders entered in MDL No. 1203—tasks that can be most efficiently conducted by the transferee court, which issued those orders"); Transfer Order, *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348 (J.P.M.L. Dec. 12, 2007), ECF No. 1143 at 1 (transferring attorney fee dispute among law firms that entered into joint venture to prosecute Rezulin-related claims, noting the transferee judge "is best-suited to rule on claims related to the management of this MDL docket, including questions concerning attorneys' fees"). Once in the

---

[2] Attorney Nill was sanctioned multiple times in *Kellogg* for "repeatedly, obstinately refus[ing] to accept the Court's rulings or to comply with its orders." Mem. & Order at 1, *Kellogg v. Watts Guerra LLP*, C.A. No. 18-2408 (D. Kan. July 28, 2020), ECF No. 368.

[3] Plaintiffs in *Kellogg* unsuccessfully sought the transferee judge's recusal at least three times. *See* Mem. & Order at 2, *In re Syngenta*, C.A. No. 14-md-2591 (D. Kan. Apr. 3, 2020), ECF No. 4376 (rejecting third motion for recusal, which was procedurally deficient, but nonetheless considering the "merits of plaintiffs' motion" because "[a]s it has stated before, the Court is intent on giving the parties every opportunity to argue their positions."), *aff'd*, *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1255 (10th Cir. 2022).

MDL, plaintiffs can raise their concerns about the conduct of the MDL and leadership counsel with the transferee judge.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable John W. Lungstrum for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

IN RE: SYNGENTA AG MIR162 CORN LITIGATION     MDL No. 2591

## SCHEDULE A

<u>Northern District of Ohio</u>

NIEKAMP, ET AL. v. WATTS GUERRA, LLP, ET AL., C.A. No. 3:23−02289